UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 99-252 |
| ISAAC KNAPPER | SECTION "K"(1) |

Before the Court is a Petitioner (sic) to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) (Rec. Doc. No. 636) filed by petitioner Isaac Knapper. Having reviewed the pleadings, memoranda, and relevant law, the Court **DENIES** the petition.

I.  BACKGROUND[1]

On June 14, 2000, petitioner pled guilty to drug conspiracy charges in violation of the Federal Controlled Substances Act, 21 U.S.C. §§ 841(a)(1) and 846 and money laundering charges under 18 U.S.C. § 1956(a)(1)(B)(1). At re-arraignment petitioner executed and attested to both a factual basis for his crimes and a plea agreement. In August of 2000, a Pre-Sentence Report ("PSI") was issued indicating that petitioner was responsible for between 50kg to 150kg of cocaine

---

[1] These facts are taken from this Court's previous Order denying petitioner's Motion to Reconsider Pursuant to Rule 59(e) entered by this Court on March 29, 2004. See Rec. Doc. No. 604.

1

hydrochloride resulting in a base offense level of 36 under the Federal Sentencing Guidelines. The PSI further recommended the Court impose a two-level increase against the petitioner for firearm possession and a four-level increase for the petitioner's leadership role in the offense, with a three-level reduction for petitioner's acceptance of responsibility. This resulted in an offense level of 39 under the guidelines such that petitioner's ultimate sentencing range was from 262 to 327 months of imprisonment. Petitioner filed timely objections to the increase of the offense level for the firearms and to the proposed leadership adjustment. On November 27, 2000, petitioner moved to withdraw his guilty plea, a motion which this Court denied on January 8, 2001. At sentencing on April 18, 2001 the Court sustained the petitioner's objection to the sentencing enhancement relating to the firearm possession and denied the petitioner's objection to the proposed leadership adjustment. As a result of the Court sustaining Knapper's objection, his base offense level was reduced to 37. With a criminal history category of I, the applicable guideline range was 210-262 months. The Court then sentenced the petitioner to 240 months on both counts (the drug charges and money laundering) to be served concurrently.

Petitioner then appealed his conviction to the Fifth Circuit Court of Appeals on the grounds that the Court erred both in denying his motion to withdraw his guilty plea and applying a leadership role enhancement. The Fifth Circuit issued a judgment affirming this Court on January 3, 2002. Subsequently, petitioner timely filed a § 2255 Motion to Vacate his sentence on March 6, 2003, arguing that (1) his plea was involuntary; (2) his indictment was faulty and not timely filed under 18 U.S.C. §§ 3162; and (3) he had ineffective assistance of counsel.

The Court denied petitioner's § 2255 Motion on August 22, 2003. See Rec. Doc. No. 598.

Specifically, the Court determined that petitioner's claims regarding his involuntary guilty plea had previously been addressed by the Court.[2] Rec. Doc. No. 598 at 4-5.  Additionally, petitioner waived his faulty indictment claims since he failed to raise them on direct appeal.  Rec. Doc. No. 598 at 6.  Finally, the Court denied petitioner's ineffective assistance of counsel claims because he failed to establish that but for his counsel's errors he would not have pled guilty and would have insisted on going to trial.[3]  Rec. Doc. No. 598 at 7-9.  The Court also denied petitioner's ineffective assistance of counsel claims regarding *Apprendi* and "safety valves" as to their merit.  *Id.*  On August 26, 2003 the Court entered Judgment against petitioner, dismissing his § 2255 petition with prejudice.  See Rec. Doc. No. 599.

On September 5, 2003, petitioner filed a Petition to Submit Supplemental Authority (Rec. Doc. No. 600), attaching the Supreme Court decision *Wiggins v. Smith*, which petitioner alleges is "on all fours with [his] claims."  Petitioner also filed a Petition to Reconsider Pursuant to Rule 59(e) (Rec. Doc. No. 601), which the Court denied on March 24, 2004 after granting petitioner's Petition to Submit Supplemental Authority.  See Rec. Doc. No. 604.  On January 20, 2005 petitioner filed the instant motion, this time asking this Court to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b), arguing that Rule 60(b) is the proper vehicle for this Court to vacate its "prior judgment . . . concerning the issues previously raised and presented in the vein of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[2]The Court ruled on this issue when it denied petitioner's motion to withdraw his guilty plea.

[3]The Court specifically stated: "Assuming...that counsel was ineffective..., [petitioner] does not contend that 'but for' counsel's mistakes, he would not have pled guilty. [Petitioner] only suggests that the 'prejudice' requirement would be satisfied because counsel's mistakes led to a longer sentence."  Rec. Doc. No. 599 at 7.

**II.     LEGAL STANDARD & ANALYSIS**

*Motion to Vacate Judgment*

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple--a chance to reargue and sometimes submit additional argument and authority in support of his lost motion." *State of Lousiana v. Sprint Communications Co.,* 899 F.Supp. 282, 284 (M.D.La.1995). The Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment, depending on whether the motion is filed within ten days of the order's issuance. *See e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). A motion filed within ten days of the order's issuance is construed as a Rule 59(e) motion. *Id.* A motion filed beyond this ten day window is considered a Rule 60 motion. *Id.* Because the instant motion was beyond 10 days from the date the Court issued the order, the Court should construe the motion pursuant to Rule 60(b).[4]

---

[4]Rule 60(b) states that:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant

To the extent a petitioner's post conviction motion attacks the order denying the prior 28 U.S.C. § 2255 motion, it is a motion for relief from judgment under Fed.R.Civ.P. 60(b). *See U.S. v. Callies*, 158 Fed.Appx. 585, 586-87 (5th Cir. 2005)(unpublished); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986).

*Knapper's Arguments*

By virtue of his three-page Motion to Vacate judgment petitioner seems to be arguing that this Court must vacate its previous Judgment against him due to the fact that *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Knapper spends substantial time in his motion reminding the Court of various procedural devices such as, *inter alia*, the Federal Rules of Civil Procedure, Second or Successive Petitions, and the Mailbox Rule, but makes scant reference to any substantive argument, stating only that "this Court's prior judgment was based on jurisprudence that has since been found by the Supreme Court to be unsound and therefore should be VACATED (sic)." See Rec. Doc. No. 636, p. 3. The Court notes that it has been unable to find any statement by any legal or jurisprudential authority, including the United States Supreme Court, holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (the only case cited in petitioner's Motion) has since been overruled, or is no longer valid precedent. Likewise, the Court notes that to the extent petitioner is attacking his underlying conviction, review of the Record reveals that this motion is a successive and unauthorized petition under 28 U.S.C. § 2255. *See Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir.

---

not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

2002).

    Accordingly, for reasons stated above,

    **IT IS ORDERED** that Knapper's Petition to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) (Rec. Doc. No. 636) is hereby **DENIED with prejudice.**

    New Orleans, Louisiana, this   28th   day of August, 2006.

                                  **STANWOOD R. DUVAL, JR.**
                          **UNITED STATES DISTRICT COURT JUDGE**